UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LUJAN DOUGLAS REYNOSA,

    Plaintiff,

v.                                                       Case No. 19-cv-289-pp

COMMISSIONER OF THE
SOCIAL SECURITY ADMINISTRATION,

    Defendant.

**ORDER GRANTING MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE (DKT. NO. 2)**

The plaintiff has filed a complaint seeking judicial review of a final administrative decision denying his claim for disability insurance benefits under the Social Security Act. Dkt. No. 1. He also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

To allow the plaintiff to proceed without paying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

The plaintiff is not employed or married, and he has two minor children (ages 1 and 2) that he is responsible for supporting. Dkt. No. 2 at 1. He must provide $550 per month in support for his sons. Id. The plaintiff indicates that he has no income other than $196 per month in "Food Assistance," he does not own a home or a car, he has no cash on hand or in a checking or savings account and he does not own any other property of value. Id. at 3-4. In

1

addition to the $550 in child support, he has monthly expenses of $40. Id. at 2. In the "other circumstances" section of the application, the plaintiff states, "I am currently homeless and have no income besides Food Assistance of $196.00." Id. at 4. The plaintiff's $196 per month in food assistance is not enough to cover his expenses or pay the fee for this case. The plaintiff has demonstrated that he cannot pay the $350 filing fee and $50 administrative fee.

The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Nietzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 Fed. 1050, 1056 (7th Cir. 1993)). A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision as long as the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

The plaintiff's complaint states that, in issuing the decision denying the plaintiff benefits, the "Administrative Law Judge improperly discounted the opinions of medical providers, improperly discounted the Claimant's credibility, and conducted the hearing and decision making process in a manner that is inconsistent with the Due Process and Equal Protection requirements of the Constitution." Dkt. No. 1 at 3. At this early stage in the case, and based on the information in the plaintiff's complaint, the court concludes that there may be

a basis in law or in fact for the plaintiff's appeal of the Commissioner's decision, and that the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

Dated in Milwaukee, Wisconsin this 19th day of April, 2019.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Judge**